Citation Nr: 1710379 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 12-05 926 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to service connection for obstructive sleep apnea.

2. Entitlement to an increased rating for service-connected right knee disability, currently evaluated as 10 percent disabling.


REPRESENTATION

Appellant represented by: Daniel G. Krasnegor, attorney


ATTORNEY FOR THE BOARD

T. Stephen Eckerman, Counsel




INTRODUCTION

The Veteran had active military service from January 1976 to January 1996.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

In June 2014, the Board remanded the claims for additional development. 

This appeal was processed using the VBMS and Virtual VA paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

With regard to the claim for service connection for sleep apnea, the Veteran has asserted that he had sleep apnea symptoms during service. He has submitted several lay statements in support of his claim. 

In June 2014, the Board remanded this claim and directed that the Veteran be afforded an examination, and that an etiological opinion be obtained. The Board directed that the examiner provide an opinion "as to whether it is at least as likely as not, i.e., 50 percent or greater probability, that any currently diagnosed sleep apnea is related to the Veteran's period of military service. In rendering his opinion, the examiner should consider the Veteran's assertions of continuity of symptomatology dating from his time in the military."

In May 2016, the Veteran was afforded an examination. The diagnosis was obstructive sleep apnea, and the date of diagnosis was May 2009. The examiner concluded, "No evidence in STR (service treatment records) of complaints of or treatment of sleep issues. No mention on separation examination (checked 'no"). No clinical evidence at this time of a sleep disorder during active duty. Buddy/lay statements were considered in making this opinion."

In July and September of 2016, the Veteran's representative submitted argument in which it was asserted that the May 2016 VA examiner's opinion was inadequate. Specifically, it was argued that the examiner's statement that the lay evidence had been considered was, without more, insufficiently explained. Citing Neives-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The Board agrees. The May 2016 opinion did not discuss the Veteran's assertions, nor did it sufficiently discuss the lay testimony other than reference it in a cursory statement that is insufficient under Court precedent. Id.; see also Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) ("[A]medical opinion ... must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions"). Under the circumstances, the claims file should be returned to the May 2016 VA examiner for an addendum opinion which discusses the probative value, or lack thereof, of the Veteran's testimony, and the lay statements. Stegall v. West, 11 Vet. App. 268, 270-71 (1998).

With regard to the claim for an increased rating for service-connected right knee disability, in reviewing claims where a VA examination has been performed, the Board must make a determination as to whether the examination report is adequate to make a decision on the claim notwithstanding the fact that the Board may not have found the examination necessary in the first place. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Once VA undertakes the effort to provide an examination when developing a service-connection claim, even if not statutorily obligated to do so, it must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided. Id. 

The most recent VA examination report (disability benefits questionnaires) of record is dated in May 2016. This DBQ shows that it does not include any testing for pain on passive motion, or specify ranges of motion on weight-bearing and non-weight-bearing for both the joint in question or the paired joint. Cf. Correia v. McDonald, 28 Vet. App. 158 (2016) (precedential finding that the final sentence of 38 C.F.R. § 4.59 requires that VA examinations include joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint). Accordingly, the Board finds that a remand is required in order to afford the Veteran a contemporaneous VA examination so as to determine the current nature and severity of his right knee disability in accordance with Correia. 

The Veteran is advised that it is his responsibility to report for any examination and to cooperate in the development of his claims. The consequences for failure to 
 report for a VA examination without good cause may include denial of the claim(s). 38 C.F.R. § 3.655 (2016).

Accordingly, the case is REMANDED for the following action:

1. Return the electronic claims file to the examiner who conducted the May 2016 VA sleep apnea examination. 

After review of the record, the examiner must provide an opinion as to:

Whether it is at least as likely as not (i.e., a likelihood of 50 percent or greater) that the Veteran's sleep apnea had its onset during active duty, or is otherwise due to active duty service?

The examiner must comment on the probative value, or lack thereof, of the Veteran's assertions of a continuity of symptomatology since service, and the lay statements. 

The term "at least as likely as not" does not mean within the realm of medical possibility, but rather the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it.

Rationales for the requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, the examiner shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that the examiner has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

2. In the event that the examiner who conducted the Veteran's May 2016 VA sleep apnea examination is not available, schedule the Veteran for an appropriate VA examination with another examiner in order to ascertain the nature and etiology of any sleep apnea found. 

The questions set forth above must be answered. The claims folder should be made available to the examiner. All indicated studies/tests should be performed and all findings should be reported in detail.

3. After undertaking any additional appropriate development, schedule the Veteran for an examination of his right knee, in order to determine the current level of severity of his right knee disability. The electronic claims folder and a copy of this remand must be made available to the examiner who should indicate on the examination report that (s)he has reviewed the folder in conjunction with the examination. 

a) The examiner is asked to test the range of motion in active motion, passive motion, weight-bearing, and nonweight-bearing, for both the joint in question and the paired joint. If the examiner is unable to conduct the required testing, or concludes required testing is not necessary, he or she should clearly explain why that is so. Correia.

b) The examiner must provide an opinion as to the severity of the Veteran's right knee symptoms and how those symptoms impact the Veteran's occupational functioning. 

c) A rationale for all requested opinions shall be provided. If the examiner cannot provide an opinion without resorting to mere speculation, he shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

3. Then, readjudicate the issues on appeal. If any of the benefits sought on appeal are not granted, the Veteran and his representative should be furnished a supplemental statement of the case and provided an appropriate opportunity to respond before the claims file is returned to the Board for further appellate action.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KELLI A. KORDICH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).